IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

FILED
JAN 19 2000
LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| Perry Robin Owings, ) | |
| ) | C/A No.: 0:99-2469-17 |
| Petitioner, ) | CR No.: 0:98-412 (jfa) |
| v. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |

The movant, Perry Robin Owings, was charged with six counts for two robberies and four firearms-related offenses that arose from two bank robberies in Greenville and Fort Mill, South Carolina. Owings' father and co-defendant, Thomas William Owings, faced the same counts.

Pursuant to a written plea agreement, Owings pled guilty to three of the six counts against him in June, 1998. The presentence report prepared in Owings' case resulted in a guideline sentencing range of 188 to 235 months. There were no objections to the report.

This court sentenced Owings to 235 months (the high end of the guidelines), and restitution totaling $24,608.00.

Owings returns to this court with a motion to vacate, correct, or set aside his sentence, pursuant to 28 U.S.C. § 2255. He contends that his attorney was ineffective in two respects. First, he contends that the disparity between the sentence imposed in his case and his father's case should result in a re-sentencing at the low end of the guideline range. He points out that he and his father both were sentenced under the same guideline sentencing range, and that his father received a sentence at the very low end of the guideline range, whereas he received a sentence at the very top. The court is not persuaded by this argument. Both defendants were sentenced within the applicable guideline range. Movant's father was elderly and infirm at the time of sentencing and has, in fact, recently filed his own Section 2255 motion seeking to have his sentence reduced further because

of continuing bad health. Counsel was not ineffective for failing to obtain a lower sentence based upon the sentence imposed on movant's father. This ground is overruled.

As to the restitution issue, the government has filed a memorandum suggesting that it does not oppose restitution beginning at the conclusion of the movant's term of incarceration. For this reason, the court will modify the judgment and commitment order so as to provide that restitution begins upon defendant's release from incarceration.

For the foregoing reasons, the motion to vacate, correct, or set aside Owings' sentence is denied. The judgment and commitment is hereby amended so as to provide that restitution shall commence upon the release of the defendant from incarceration. All other provisions of the sentence previously imposed remain in effect.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

January //, 2000
Columbia, South Carolina

2